STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.:  2:10-cv-01045 |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| VOTE FOR THE WORST, LLC, an Utah limited-liability company; NATHAN E. PALMER, an individual; and DAVID J. DELLA TERZA, an individual, | |
| Defendants. | |

Righthaven LLC ("Righthaven") complains as follows against Vote For The Worst, LLC ("Vote For The Worst"), Nathan E. Palmer ("Mr. Palmer"), and David J. Della Terza ("Mr. Terza"; collectively with Vote For The Worst and Mr. Palmer known herein as the "Defendants"), on information and belief:

## NATURE OF ACTION

1.      This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

## **PARTIES**

2.      Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.      Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.      Vote For The Worst is, and has been at all times relevant to this lawsuit, an Utah limited-liability company.

5.      Mr. Terza is, and has been at all times relevant to this lawsuit, identified as a manager of Vote For The Worst, as evidenced by the Utah Secretary of State business entity database, attached hereto as Exhibit 1.

6.      Mr. Palmer is, and has been at all times relevant to this lawsuit, identified as a manager of Vote For The Worst, as evidenced by the Utah Secretary of State business entity database, attached hereto as Exhibit 1.

7.      Vote For The Worst is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com ("GoDaddy"), as the registrant, administrative contact, and technical contact of the Internet domain found at <votefortheworst.com> (the "Domain").

## **JURISDICTION**

8.      This Court has original subject matter jurisdiction over this copyright infringement action, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9.      Righthaven is the copyright owner of the literary work entitled: "Idol' finalists keep busy in Las Vegas" (the "Work"), attached hereto as Exhibit 2.

10.     At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

11.     The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

12.     On or about April 12, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

13.     At all times relevant to this lawsuit, the Infringement depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

14.     At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

15.     The subject matter, at least in part, of both the Work and the Infringement is the America Idol season nine finalists' visit to Las Vegas, Nevada.

16.     At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

17.     Mr. Palmer purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

18.     Mr. Terza purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

19.     Vote For The Worst purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

20.     The Defendants purposefully direct and effectuate the unauthorized reproduction of a Righthaven-owned copyrighted work on the Website.

21.     The Defendants' unauthorized reproduction of a Righthaven-owned copyrighted work found on the Website was and is purposefully targeted at Nevada residents.

### **VENUE**

22.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

23.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because Vote For The Worst is subject to personal jurisdiction in Nevada.

## FACTS

24.     The Work constitutes copyrightable subject matter pursuant to 17 U.S.C. §102(a)(1).

25.     Righthaven is the owner of the copyright in and to the Work.

26.     The Work was originally published on April 11, 2010.

27.     On June 21, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007159695 (the "Registration") and attached hereto as Exhibit 4, is evidence of the Registration from the official USCO database record depicting the occurrence of the Registration.

28.     On or about April 12, 2010, the Defendants reproduced the Infringement on the Website.

29.     The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

30.     The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

31.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 30 above.

32.     Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

33.     Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

34.     Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

35.     Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

36.     The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

37.     The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

38.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

39.     The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

40.     Vote For The Worst has willfully engaged in the copyright infringement of the Work.

41.     Mr. Palmer has willfully engaged in the copyright infringement of the Work.

42.     Mr. Terza has willfully engaged in the copyright infringement of the Work.

43.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

44.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.      Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.      Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

  a.      All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

  b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

  c.      All financial evidence and documentation relating to the Defendants' use of the Work;

3.      Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.      Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.      Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.      Grant Righthaven such other relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this twenty-eighth day of June, 2010.

RIGHTHAVEN LLC


By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff