J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>VOTE FOR THE WORST, LLC, a Utah limited-liability company; NATHAN E. PALMER, an individual; and DAVID J. DELLA TERZA, an individual;<br><br>Defendants. | Case No.: 2:10-cv-01045-KJD-RJJ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY RULE 26(f) CONFERENCE** |

Righthaven LLC ("Righthaven") hereby opposes Defendant Vote for the Worst, LLC, Defendant Nathan E. Palmer, and Defendant David J. Della Terza's (collectively with Vote for the Worst, LLC and Nathan E. Palmer known herein as the "Defendants")  Motion to Stay Rule 26(f) Conference (Docket No. 12; "Motion to Stay").  Righthaven bases this Opposition to the Defendants' Motion to Stay on the pleadings and papers on file in this action, on oral argument of counsel made at the time of this Court's hearing of the Motion to Stay, and on any other matter of which this Court takes notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

If the Court believes the Defendants' pending Motion to Dismiss (Docket No. 8; "Motion to Dismiss") will take more time on the Court's busy docket, Righthaven will respect the Court's decision and will suspend efforts to schedule the Rule 26(f) early case conference for a reasonable time. However, the Defendants' unwillingness to agree to participate in a Rule 26(f) conference has prolonged the limited discovery required in this case and displayed a nonchalant attitude, if not blatant disregard, for the Local Rules and Federal Rules of Civil Procedure. Righthaven has been rebuffed and denied in its attempt to schedule an early case conference mandated by both Local Rule 26-1(d) and Federal Rule of Civil Procedure 26(f). The standard before this Court, regarding a Rule 26(f) conference, requires the Plaintiff to "initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the defendant answers or otherwise appears." Defendants' assumptions that Righthaven's Rule 26(f) requests have been unreasonable and an attempt to ratchet up attorney's fees are the exact opposite of Righthaven's actual intentions.

## II. FACTS

On September 28, 2010, Righthaven sent a request, via a letter, to opposing counsel for the Defendants requesting participation in the Rule 26(f) conference. Righthaven advised the Defendants that it was inappropriate to delay discovery, without a directive from the Court. In response to the Righthaven letter, opposing counsel requested Righthaven agree to stipulate to postpone discovery, specifically the Rule 26(f) conference, until the Court's pending decision on the Motion to Dismiss. Righthaven did not agree to postpone discovery in this matter via the proposed stipulation.

### III. ARGUMENT

#### A. *Parties' responsibility to schedule a Rule 26(f) conference*

Both parties in this action have a responsibility to submit a proposed discovery order as the result of a successful Rule 26(f) conference, pursuant to Local Rule 26-1(d). However, the Defendants disregarded the duties of the parties to provide the Court notice of a discovery plan and compliance with Local Rule 26-1(d). Without a successful motion to stay discovery by the Defendants, the parties' duty required them to proceed with discovery on the merits. Ultimately, Righthaven does not believe the Motion to Stay is appropriate under the facts of this case because allowing discovery on the merits would establish clear infringement liability and bring a swift and expeditious resolution on the merits which will, in reality reduce the cost of litigation for all parties.

#### B. *Pending motions should not stay discovery process*

Frankly, the Court's decisions in *Righthaven v. Dr. Shezad Malik Law Firm P.C.* (Case No: 2:10-cv-0636-RLH-RJJ) and *Righthaven v. Industrial Wind Action Corp. et al.* (Case No: 2:10-cv-0601-RLH-PAL) denying comparable motions to dismiss for lack of personal jurisdiction argue in favor of no delay and simplify the positive adjudication for this Court to exercise personal jurisdiction over the Defendants. Indeed, Righthaven would urge the Defendants to withdraw the underlining Motion to Dismiss in light of these recent decisions by this Court. While Righthaven understands the Defendants may have the viewpoint that jurisdiction is decided on a case by case basis, the Defendants facts and the jurisdictional facts of the two cases referenced above do not get much closer.

In *Righthaven v. Dr. Shezad Malik Law Firm P.C.* (Case No: 2:10-cv-0636-RLH-RJJ), Judge Hunt ruled that "It is common knowledge that the Las Vegas Review Journal newspaper is published and distributed in Las Vegas, Nevada by the party which assigned the copyrights together with the right to seek redress for past, present and future infringements. Accordingly, this Court has jurisdiction over the Defendant, based upon the allegations of the Complaint." Case No: 2:10-cv-0636-RLH-RJJ Order Mot. to Dismiss – ##6, 8. In the second case,

*Righthaven v. Industrial Wind Action Corp. et al.* (Case No: 2:10-cv-0601-RLH-PAL), Judge Hunt also denied a motion to dismiss where the defendants argued similar if not conspicuously parallel jurisdictional arguments to the Defendants. In sum, Righthaven believes that the pending Defendants' Motion to Dismiss will fail because to grant the motion would be contrary to the Ninth Circuit holdings[1] in this regard and not to mention very recent precedent by Judge Hunt in two pending Righthaven civil actions.

The issues of liability and damages also appear to lend themselves to settlement by way of a Rule 26(f) early case conference. If a Rule 26(f) conference was held in good faith and both parties respected the intention of the Rule 26(f) conference to provide a forum for settlement discussion, it would limit both attorneys' fees and judicial resources. Additionally, Righthaven would also invite a confidential settlement conference administered by the Magistrate Judge of this case, as has been the recent procedure in other Righthaven cases[2].

Nevertheless, Righthaven is willing to suspend the Rule 26(f) conference if this Court estimates a timely adjudication of the pending motion, specifically the Defendants' Motion to Dismiss. If the pending motion in this case is not slated for resolution in the near future, delaying the discovery process would prejudice Righthaven, because it would delay the inevitable judgment on the merits which Righthaven believes will clearly be in Righthaven's favor.

## IV.    **CONCLUSION**

For the reasons set forth above, Righthaven respectfully requests that the Court deny the Defendants' Motion to Stay.

---

[1]  Applying the "effects" test of *Calder v. Jones,* 465 U.S. 783 (1984), the Ninth Circuit found that where a defendant "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew, had its principal place of business in the Central District [of California], "[t]his fact alone is sufficient to satisfy the 'purposeful availment' requirement." *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1994).

[2]  *Righthaven v. Emerson Wong et al. (Case No: 2: 10-cv-0856-LRH-RJJ); Righthaven v. Dr. Shezad Malik Law Firm P.C. (Case No: 2:10-cv-0636-RLH-RJJ);* and *Righthaven v. Tuff-N-Uff Productions, Inc., et al. (Case No: 2: 10-cv-0794-PMP-PAL).*

Dated this twelfth day of October, 2010.

                RIGHTHAVEN LLC

                By: /s/ J. Charles Coons
                J. CHARLES COONS, ESQ.
                Nevada Bar No. 10553
                JOSEPH C. CHU, ESQ.
                Nevada Bar No. 11082
                9960 West Cheyenne Avenue, Suite 210
                Las Vegas, Nevada 89129-7701
                Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Righthaven LLC and that on this twelfth day of October, 2010, I caused the **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY RULE 26(f) CONFERENCE** to be served by the Court's CM/ECF system.

                By: /s/ J. Charles Coons

                J. CHARLES COONS, ESQ.
                Righthaven LLC
                9960 West Cheyenne Avenue, Suite 210
                Las Vegas, Nevada 89129-7701