# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RIGHTHAVEN, LLC,

    Plaintiff,

v.

VOTE FOR THE WORST, LLC, et al.,

    Defendants.

Case No. 2:10-CV-01045-KJD-GWF

**ORDER**

Currently before the Court is Defendants' Motion to Dismiss (#14). Plaintiff filed a Response in Opposition (#15), to which Defendants filed a Reply (#17).

**I. Background**

Plaintiff Righthaven LLC ("Righthaven") filed its Complaint in this action on June 28, 2010, bringing a copyright infringement claim against Vote for the Worst, LLC, Nathan E. Palmer, and David J. Della Terza ("collectively "Defendants") after a forum user on the Defendants' website posted a portion of a Las Vegas Review Journal news article on the website's forum. Defendants are the owners and registrants of the Internet domain votefortheworst.com a website that facilitates online discussion of current events and support for certain contestants of the popular television show *American Idol*.

Plaintiff Righthaven is the owner of the copyright in the article entitled "NORM: 'Idol' finalists keep busy in Las Vegas" (the "Work") (#1 Ex. 2.) The Work was originally published on April 11, 2010, in the Las Vegas Review Journal ("LVRJ"). On April 12, 2010, a forum user with the moniker "Racing Rat" posted a portion of the Work on the Defendants' website's forum. The Work itself concerns a trip to Las Vegas taken by the finalists of the *American Idol* show. (#1 ¶ 15.)

On May 25, 2010, Stephens Media LLC, a Nevada Corporation and parent to LVRJ, assigned ownership of the Work to Plaintiff as well as the "right to seek redress for past, present, and future

infringements of copyright." (#15, Ex. 1.)  On June 21, 2010, the copyright for the Work was registered by Righthaven with the Library of Congress and received the registration number TX0007159695.  (#1 ¶ 11–12, 28; Ex. 3.)

Defendants' instant Motion seeks that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) for lack of subject matter, and personal jurisdiction.

**II. Subject Matter Jurisdiction**

Defendants disclaim subject matter jurisdiction averring that Plaintiff lacks standing to sue because it did not own the copyright at the time of the alleged infringement.  Federal Rule of Civil Procedure 12(b)(1) allows for the dismissal of an action for lack of subject matter jurisdiction. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.  District courts also have original jurisdiction over claims "arising under" federal laws relating to patents, copyrights, trademarks and . . . related claims of unfair completion." 28 U.S.C. §1338 (a), (b); See Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc., 336 F.3d 982, 986 (9th Cir. 2003).

"The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b).  "A plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1077 (9th Cir. 2004), see Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  "[O]nly the owner of an exclusive right under the copyright act is entitled to sue for infringement." Silvers v. Sony Pictures Entm't Inc., 402 F.3d 881, 889 (9th Cir. 2005).  The Ninth Circuit held in Silvers that an assignor can transfer the ownership interest in an accrued past infringement, but the assignee only has standing to sue if the interest in the past infringement is expressly included in the assignment, and the assignee also owns the actual copyrights. Id. at 890 (aligning the Ninth Circuit with the Second Circuit as expressed in ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971 (2nd Cir.

1991)). The Copyright Act outlines qualifying exclusive rights. These rights include reproduction, preparation of derivative works, distribution, and display of copies. 17 U.S.C. § 106(1)–(6).

It is undisputed that an unauthorized copy of the Work was posted and displayed on Defendants' website, and the copyright assignment between Righthaven and Stephens Media LLC, assigns to Righthaven all exclusive ownership rights in and to the Article posted on Defendants' website, and is expressly inclusive of all previously accrued causes of action related to that article. Specifically, the assignment states:

> Assignor hereby transfers, vests and assigns the work . . . to Righthaven . . . all copyrights requisite to have Righthaven recognized as the copyright owner of the work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for past, present and future infringements of the copyright in and to the

(#15, Ex. 1.)

Because the Work is identified in Plaintiff's Complaint, the Court finds it plausible to infer that the rights to the Work—including past infringements—were transferred to Plaintiff, and Plaintiff has standing to bring its claim. Thus the Court should deny Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

**III. Personal Jurisdiction**

Defendants' Motion additionally avers that this Court lacks personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 12(b)(2). The Nevada long-arm statute, NRS § 14.065, provides that a court within Nevada can exercise personal jurisdiction over a defendant to the full extent permitted by due process. Baker v. Eighth Judicial Dist. Court, 999 P.2d 1020, 1023 (Nev. 2000). In addition, the assertion of personal jurisdiction satisfies due process when there are "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

Personal jurisdiction may be either general or specific. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414–15, (1984). The Ninth Circuit utilizes a three-prong test

to determine whether the exercise of specific jurisdiction satisfies the requirements of due process: (1) the defendant must have purposely availed itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must arise out of that activity; and (3) the exercise of jurisdiction must be reasonable. Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990).

The Ninth Circuit's utilizes the "effects" test of Calder v. Jones, 465 U.S. 783, 789-90 (1983), to determine if the defendant purposefully availed itself of the privilege of conducting activities in the forum. "Under Calder the 'effects' test requires that the defendant allegedly [] (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, 803 (9th Cir. 2004). The Ninth Circuit has held that where a defendant "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew, had its principal place of business in the Central District [of California]", "[t]his fact alone is sufficient to satisfy the 'purposeful availment' requirement." Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir. 1994)(reversed on other grounds by Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998). Under this reasoning, this Court has recently found that it "is common knowledge that the Las Vegas Review Journal newspaper is published and distributed in Las Vegas, Nevada by the party which assigned the copyrights together with the right to seek redress for past, present and future infringements." Righthaven LLC, v. Dr. Shezad Malik Law Firm P.C., No. 2:10-cv-0636-RLH-RJJ, 2010 WL 3522372, at *1 (D. Nev. Sept. 2, 2010); Righthaven v. Majorwager.com, Inc., 2010 WL 4386499 *3 (D. Nev. Oct. 28, 2010). This Court also finds that Defendants are ascribed to know that the LVRJ is published and distributed in Las Vegas, Nevada. Thus Defendants purposely availed themselves of the privilege of conducting activities in the forum.

The second prong of the Ninth Circuit's test to determine whether the exercise of specific jurisdiction satisfies due process is that the plaintiff's claim must arise out of that activity conducted in the forum state. This prong is satisfied here, as Plaintiff's claim, that Defendants allegedly

1  infringed the copyrighted material, arose from the local publication of the article in the state of
2  Nevada by the Las Vegas Review Journal and its subsequent posting on the local publisher's LVRJ
3  website.
4      The third prong of the Ninth Circuit's test is to determine whether the exercise of personal
5  jurisdiction is reasonable. Amoco Egypt Oil Co. v. Leonis Nav. Co., 1 F.3d at 851 (citing Asahi
6  Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987)).  In determining whether the exercise of
7  personal jurisdiction is reasonable, a court must balance the following factors: [1] the extent of
8  purposeful interjection; [2] the burden on the defendant to defend the suit in the chosen forum; [3]
9  the extent of conflict with the sovereignty of the defendant's state; [4] the forum state's interest in the
10 dispute; [5] the most efficient forum for judicial resolution of the dispute; [6] importance of the
11 chosen forum to the plaintiff's interest in convent and effective relief, and; [7] the existence of an
12 alternative forum.  Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d at 851 (quoting
13 Shute v. Carnival Cruise Lines, 897 F.2d at 386.
14     Defendants here argue that litigation in this forum would be unduly burdensome and unfair
15 because Defendants did not post the allegedly infringing article, and "they did not know that the
16 article was posted in the [] forum." (#14 at 15.)  It is undisputed however, that votefortheworst.com
17 provides multiple user forums and message boards wherein content can be freely posted at the user's
18 discretion.  Defendants do not articulate or implement any form of copyright enforcement policy or
19 impose any rules or guidelines directed towards controlling copyright infringements that may occur
20 on their website.  Although certain protections exist to inform of and shield online service providers
21 from possible infringement liability—such as that provided by the Digital Millennium Copyright
22 Act, 17 U.S.C. § 512 et seq.—there is nothing in the record to suggest that Defendants use such
23 protections, or engaged in any form of proactive copyright protection on the website.[1]  Thus,

---

[1] Among other protections, the Digital Millennium Copyright Act, 17 U.S.C. § 512 et seq, creates a safe harbor for online service providers (and users) who adhere to specific safe harbor guidelines, such the implementation of a notification system.  See 17 U.S.C. § 512(i)(1)(A).

Defendants cannot claim that their lack of knowledge of infringement, when such activity is reasonably foreseeable, can shield them from being subject to this forum's jurisdictional reach.

Additionally, Defendants aver *inter alia* that they do not meet the third prong of the Ninth Circuit's reasonable test because they did not "take any additional steps, such as advertising or other commercial activity, that would constitute 'interjection' into the forum state." (Id. at 18.) Defendants also argue that they will suffer extreme hardship if forced to defend in this forum due to their lack of contacts with Nevada, and because Vote for the Worst is incorporated in Utah, Defendant Palmer is from Utah, and all evidence and testimony would be located outside of Nevada. Id. As this Court has previously found, Nevada has an interest in "adjudicating an infringement upon a news article originated by [Nevada's] largest local newspaper publisher written about [] Las Vegas" and its entertainment events. Righthaven v. Majorwager.com, Inc., 2010 WL 4386499 *4. Moreover, "[t]he Las Vegas Review Journal's subscribers are purportedly primarily residents of the forum state of Nevada and the LVRJ advertisers consist mainly of local Nevada businesses." Id. "Thus, any infringement could reasonably be expected to affect them as well." Id.

Accordingly, the Court finds that the exercise of personal jurisdiction over Defendants satisfies the requirements of due process, and thus Defendants' Motion to Dismiss should be denied.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#14) is **DENIED**.

DATED this 30th day of March 2011.

_____
Kent J. Dawson
United States District Judge

6