# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RIGHTHAVEN, LLC, a Nevada limited-liability company,

    Plaintiff,

v.

VOTE FOR THE WORST, LLC, a Utah limited-liability company; NATHAN E. PALMER, an individual; and DAVID J. DELLA TERZA, an individual,

    Defendants.

Case No. 2:10-CV-01045-KJD-GWF

**ORDER**    March 5, 2012

    Presently before the Court are Defendants Vote For The Worst, LLC, Nathan E. Palmer, and David J. Della Terza's (collectively, "Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction (#33). Plaintiff Righthaven, LLC ("Righthaven") filed a response in opposition (#40), to which Defendants replied (#43).

I. Background

    This dispute arises out of Defendants' alleged copyright infringing conduct. On April 12, 2010, Defendants displayed a Las Vegas Review-Journal article (the "Work") on their website, <http://www.votefortheworst.com/>, regarding several Season 9 "American Idol" finalists' overnight stay in Las Vegas. Righthaven claims that this article infringes upon its alleged copyright in the article.

    Righthaven's claim, now commonplace, has been scrutinized by this Court and other courts in this district on several previous occasions.[1] The basis for Righthaven's claim is the alleged

---

[1] The facts of this case are unremarkable and the issues the same as a myriad of other cases initiated by Righthaven. See Righthaven, LLC v. Newsblaze, LLC, 2:11-CV-720-RCJ-GWF, —— F.Supp.2d ——, 2011 WL 5373785 (D. Nev. Nov. 4, 2011); Righthaven, LLC v. Newman, 2:10-CV-1762 JCM PAL, —— F.Supp.2d ——, 2011 WL 4762322 (D. Nev. Oct. 7, 2011); Righthaven, LLC v. Hyatt, 2:10-CV-01736-KJD, —— F. Supp. 2d ——, 2011 WL 3652532 (D. Nev. Aug. 19, 2011); Righthaven, LLC v. Pahrump Life, 2:10-CV-01575-JCM, —— F.Supp.2d ——, 2011 WL 7442981 (D.

assignment of a copyright from Stephens Media, LLC ("Stephens Media") – the alleged original owner of the Work – on May 25, 2010 (#15, Exhibit 1).  This Court recognized Righthaven's assignment as a valid jurisdictional latch in our previous order denying Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (#28).  At that time, the Court's decision was obscured because of undisclosed, key facts.  Subsequently, in June 2011, Judge Hunt in Righthaven, LLC v. Democratic Underground, LLC, 791 F. Supp. 2d 968, 971 (D. Nev. 2011), ordered the contents of a previously unrevealed agreement between Righthaven and Stephens Media, known as the Strategic Alliance Agreement ("SAA"), to be made public.  The SAA, executed on January 18, 2010, governs assignments of future copyrights from Stephens Media to Righthaven (#33, Exhibit 1).  As a result of the newly acquired evidence, Defendants raise anew this Motion to Dismiss, specifically asserting Righthaven's lack of standing to bring the claim at the time the action was filed. Righthaven responds by filing more seemingly relevant documents that have previously been dissected by this Court and others in this district: (1) a Clarification and Amendment to Strategic Alliance Agreement ("Amendment") (#41), and; (2) the Declaration of Stephen Gibson (#41) and Mark Hinueber (#42) ("Declarations").

II. Discussion

Recently this Court determined that Righthaven lacked standing to pursue copyright infringement claims based on assignments made under the SAA because the SAA prevents subsequent assignments from transferring "the exclusive rights necessary to maintain standing in a copyright infringement action."[2]  Righthaven, LLC v. Hyatt, 2:10-CV-01736-KJD, ––– F.Supp.2d –––

---

Nev. Aug. 12, 2011); Righthaven, LLC v. Pahrump Life, 2:10-CV-01575-JCM, ––– F.Supp.2d –––, 2011 WL 7442981 (D. Nev. Aug. 12, 2011); Righthaven, LLC v. Mostofi, 2:10-CV-1066-KJD-GWF, –––F.Supp.2d–––, 2011 WL 2746315 (D. Nev. July 13, 2011); Righthaven, LLC v. DiBiase, 2:10-CV-01343-RLH, ––– F.Supp.2d –––, 2011 WL 2473531 (D. Nev. June 22, 2011); Righthaven, LLC v. Hoehn, 792 F. Supp. 2d 1138, 1147 (D. Nev. 2011).

[2] Section 501(b) of the 1976 Copyright Act ("Act") establishes who is legally authorized to sue for infringement of a copyright:

2

―――, 2011 WL 3652532 *5 (D. Nev. Aug. 19, 2011); Righthaven, LLC v. Mostofi, 2:10-CV-1066-KJD-GWF, ――― F.Supp.2d ―――, 2011 WL 2746315 *5 (D. Nev. July 13, 2011).  Because the issues are the same, the reasoning in Hyatt and Mostofi on the issue of standing controls here.  Similar to Hyatt and Mostofi, Righthaven alleges that the Amendment and Declarations further clarify and effectuate, "to the extent not already accomplished, what has at all times been the intent of the parties - to transfer full ownership in copyright to Righthaven" (#40, p. 5).  However, the Amendment and Declarations cannot create standing because "[t]he existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint was filed*." Lujan v. Defenders of Wildlife, 504 U.S. 555, 571 n.4 (1992) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)) (emphasis in Lujan).  Although a court may allow parties to amend defective allegations of jurisdiction, it may not allow the parties to amend the facts themselves.  Newman-Green, 490 U.S. at 830.  Here, as the Court stated in Mostofi and Hyatt, Righthaven and Stephens Media attempt to impermissibly amend the facts to manufacture standing.  Therefore, the Court will not consider the amended language of the SAA or the Declarations, but the actual assignment and language of the SAA as it existed at the time the complaint was filed.[3]

---

> The legal or beneficial owner of an exclusive right under a copyright is entitled. . .to institute an action for an infringement of that particular right committed while he or she is the owner of it.

17 U.S.C. § 501(b). Therefore, to be entitled to sue for copyright infringement, the plaintiff must be the "legal or beneficial owner of an exclusive right under a copyright." See Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 884 (9th Cir. 2005).

[3] The SAA expressly denies Righthaven any right from future assignments other than the bare right to bring and profit from a copyright infringement action. This notion is clearly expressed in Section 7.2 of the SAA:

> 7.2 Despite any such Copyright Assignment, Stephens Media shall retain (and is hereby granted by Righthaven ) an exclusive license to Exploit the Stephens Media Assigned Copyrights for any lawful purpose whatsoever and **Righthaven shall have no right or license to Exploit or participate in the receipt of royalties from the Exploitation of the Stephens Media Assigned Copyrights other than the right to proceeds in association with a Recovery.** To the extent that Right haven's [sic] maintenance of rights to pursue infringers of the Stephens Media Assigned Copyrights in

Because the SAA prevents Righthaven from obtaining any of the exclusive rights necessary to maintain standing in a copyright infringement action, the Court finds that Righthaven lacks standing in this case. Accordingly, the Court dismisses Righthaven's cause of action.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants Vote For The Worst, LLC, Nathan E. Palmer, and David J. Della Terza's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.

DATED this 5th day of March 2012

_____
Kent J. Dawson
United States District Judge

---

any manner would be deemed to diminish Stephens Media's right to Exploit the Stephens Media Assigned Copyrights, Righthaven hereby grants an exclusive license to Stephens Media to the greatest extent permitted by law so that Stephens Media shall have **unfettered and exclusive** ability to Exploit the Stephens Media Assigned Copyrights ...

(#33, Exhibit 1, p. 4) (bold emphasis added). It is clear from this section that Righthaven is prevented from obtaining, having, or otherwise exercising any right other than the bare right to sue, which is expressly forbidden pursuant to Silvers.

4